UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NORVAL HOVERSON, | CASE NO. C16-5959 BHS |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANTS' MOTION TO AMEND ANSWER |
| KLICKITAT COUNTY, et al., | |
| Defendants. | |

This matter comes before the Court on Defendants Klickitat County Sheriff Department and Klickitat County's ("Defendants") motion to amend answer (Dkt. 15). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL HISTORY

On October 18, 2016, Plaintiff Norval Hoverson ("Hoverson") filed a complaint against Defendants in Clark County Superior Court for the State of Washington. Dkt. 1-2. Hoverson alleges that, on September 18, 2013, Defendants' employees used excessive force while Hoverson was incarcerated in the Klickitat County Jail. *Id*.

1 On November 16, 2016, Defendants removed the matter to this Court. Dkt. 1. On February 9, 2017, Defendants answered and, relevant to the instant motion, did not assert a statute of limitations defense. Dkt. 10.

On April 7, 2017, the Ninth Circuit Court of Appeals issued its decision in *Boston v. Kitsap Cty.*, 852 F.3d 1182 (9th Cir. 2017), holding that compliance with the state 60-day administrative exhaustion requirement does not toll the statute of limitations for causes of action under 42 U.S.C. § 1983.

On June 1, 2017, Defendants moved to amend their answer to add a statute of limitations defense. Dkt. 15. On June 12, 2017, Hoverson responded. Dkt. 17. On June 19, 2017, Defendants replied. Dkt. 18.

## II. DISCUSSION

State law governs the statutes of limitations for section 1983 actions as well as questions regarding tolling and waiver. *Wilson v. Garcia*, 471 U.S. 261, 269 (1985); *Lucchesi v. Bar-O Boys Ranch*, 353 F.3d 691, 696 (9th Cir. 2003). In Washington a "party waives a statute of limitations affirmative defense (1) by engaging in conduct that is inconsistent with that party's later assertion of the defense or (2) by being dilatory in asserting the defense." *Greenhalgh v. Dep't of Corr.*, 170 Wn. App. 137, 144 (2012).

In this case, Defendants did not waive the statute of limitations defense. Defendants' failure to assert the defense *before* it became relevant is not conduct inconsistent with the current request to assert the defense. Moreover, seeking leave to assert the defense one month after the Ninth Circuit's mandate issued is not dilatory.

Therefore, the Court concludes that Defendants have not waived their statute of limitations defense.

Hoverson also argues that *Boston* is not retroactive and does not overrule prior case law. Dkt. 17 at 3. Hoverson, however, fails to cite any authority for either proposition. Without authority supporting Hoverson's position, the Court declines to address the issues at this time. The parties may address these issues in the impending dispositive motion.

Finally, Defendants have met the low burden for leave to amend. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). Therefore, Defendants may amend their answer.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to amend answer (Dkt. 15) is **GRANTED**. Defendants shall file the amended answer as a separate entry on the electronic docket.

Dated this 21st day of June, 2017.

BENJAMIN H. SETTLE
United States District Judge