UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NORVAL HOVERSON,

    Plaintiff,

v.

KLICKITAT COUNTY, et al.,

    Defendants.

CASE NO. C16-5959 BHS

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendants Klickitat County Sheriff Department and Klickitat County's ("County") (collectively "Defendants") motion for summary judgment (Dkt. 29). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On October 19, 2016, Plaintiff Norval Hoverson ("Hoverson") filed a complaint against Defendants in Clark County Superior Court for the State of Washington. Dkt. 1-2. Hoverson asserted claims for personal injury, negligent supervision and training, negligent infliction of emotional distress, reckless infliction of cruel and unusual

punishment, violation of due process, and a negligent failure to adopt proper standards and procedures. *Id*.

On July 18, 2018, Defendants moved for summary judgment. Dkt. 29. On August 6, 2018, Hoverson responded. Dkt. 36. On August 10, 2018, Defendants replied. Dkt. 39.

## II. FACTUAL BACKGROUND

On September 18, 2013, Hoverson was a pre-trial detainee at the County Jail. While it is undisputed that Hoverson was making some noise by knocking or kicking the door to his isolation cell, the parties do dispute the extent of the commotion. Hoverson contends that he kicked the door "just enough to make noise." County corrections officer Andrew Gonzalez ("Gonzalez") declares that Hoverson was kicking and hitting the door such that he was interfering with the officers' ability to book new inmates. Gonzalez was also concerned for Hoverson's safety due to the extreme nature of Hoverson's actions. Thus, Gozalez decided to subdue Hoverson by deploying oleoresin capsicum spray, commonly known as pepper spray.

According to Hoverson, a correction officer ordered him to get on his knees and place his eyes in the cell's food slot. Gonzalez then sprayed the pepper spray directly into Hoverson's eyes. Hoverson asserts that he asked Gonzalez if he was done spraying to which Gonzalez answered "no" and sprayed Hoverson a second time until the can was empty. After the spraying, Hoverson asserts that the officers made him sit in the cell for approximately 20 minutes before they gave him supplies to clean his eyes and let him

shower. While Defendants dispute this version of the events, Defendants concede that the Court must take the facts in the light most favorable to Hoverson.

Regarding Hoverson's claims, he does not asserts any claim against an individual defendant. Instead, he claims that the County is liable for failure to train and/or failure to implement proper policies.

## III. DISCUSSION

Defendants move for summary judgment on all of Hoverson's claims. Dkt. 29. In response, Hoverson concedes his Eighth Amendment claim and his reckless infliction of cruel and unusual punishment claim. Dkt. 36 at 3 n.2.

### A. Summary Judgment Standard

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or

jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc*., 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.      Municipal Liability**

In order to establish municipal liability, a plaintiff must show that a "policy or custom" led to the plaintiff's injury. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). "The Court has further required that the plaintiff demonstrate that the policy or custom of a municipality 'reflects deliberate indifference to the constitutional rights of its inhabitants.'" *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016), *cert. denied sub nom. Los Angeles Cty., Cal. v. Castro*, 137 S. Ct. 831 (2017) (quoting *City of Canton v. Harris*, 489 U.S. 378, 392 (1989)).

Policies of omission regarding the supervision of employees, can be "policies" or "customs" that create municipal liability under *Monell*, but only if the omission "reflects a 'deliberate' or 'conscious' choice" to countenance the possibility of a constitutional violation. *City of Canton*, 489 U.S. at 389–390. The need to remedy the omission "is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, . . . the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Id*. In other words, the plaintiff must show that the entity "was on actual or constructive notice that its omission would likely result in a constitutional violation." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1145 (9th Cir. 2012). On this issue, the Court has noted that "a pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference." *Connick v. Thompson*, 563 U.S. 51, 62 (2009) (quoting *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 409 (1997)).

In this case, Hoverson has failed to submit any evidence that the County should have known that its failure to implement a pepper spray policy would lead to constitutional violations. The record contains no evidence to establish a pattern or practice of unlawful use of pepper spray, or anything other than this being a single, isolated incident. For example, in *City of Canton*, the Supreme Court stated that the city knew for certain that its police officers would encounter violent and fleeing suspects and that the city armed those officers with deadly weapons. 489 U.S. at 390. Under such circumstances, the need to train officers on the use of these weapons was so obvious that failure to do so was deliberately indifferent to individual rights. *Id*. n.10. When

considering intermediate force such as pepper spray, the Ninth Circuit upheld denial of summary judgment when a plaintiff submitted evidence of multiple instances of excessive force by the same police force over a nine-month period of time. *Davis v. Mason Cty.*, 927 F.2d 1473, 1481–83 (9th Cir. 1991).

In light of these authorities, Hoverson has failed to establish that one instance of excessive force with pepper spray creates a question of fact regarding municipal liability based on a failure to train or an omission to implement a use of force policy. Therefore, the Court grants Defendants' motion on Hoverson's due process claim.

**C. Negligence**

"The public duty doctrine recognizes that the duties of public officers normally are owed only to the general public." *Coffel v. Clallam Cty.*, 47 Wn. App. 397, 402 (1987). "Accordingly, under the public duty doctrine, a public entity has a duty of care when it owes a duty 'to the injured plaintiff,' but does not have a duty of care when it owes a duty 'to the public in general.'" *Osborn v. Mason Cty.*, 157 Wn.2d 18, 27 (2006) (quoting *Babcock v. Mason County Fire Dist. No. 6*, 144 Wn.2d 774, 778 (2001)). "We often paraphrase this 'basic principle of negligence law' as 'a duty to all is a duty to no one.'" *Id*. (quoting *Babcock*, 144 Wn.2d at 785).

In this case, Defendants argue that Hoverson's state law negligence claims are barred by the public duty doctrine. Dkt. 29 at 17–19. The Court agrees because any duty to implement jail policies or train officers is a general duty to all. Hoverson doesn't really contest the law, he simply asserts that a reasonable jury could find that the County failed to supervise Gonzalez. Dkt. 36 at 12–13. This claim, however, is foreclosed.

*Shope v. City of Lynnwood*, C10-0256RSL, 2011 WL 1154447, at *6 (W.D. Wash. Mar. 28, 2011) ("The duty of the City to hire, train, retain, and supervise its officers is owed to the public at large, not to plaintiff individually."). Therefore, the Court grants Defendants' motion on Hoverson's remaining state law claims as well.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion for summary judgment (Dkt. 29) is **GRANTED**. The Clerk shall enter a **JUDGMENT** and close the case.

Dated this 11th day of September, 2018.

BENJAMIN H. SETTLE
United States District Judge